The Honorable Bob Watts State Representative Route 1, Box 125 Harrison, Arkansas 72601-9716
Dear Representative Watts:
This opinion is being issued in response to your recent question regarding a county ordinance that is to be referred to the electors of Boone County.
You indicate that the ordinance in question states that the ordinance will become effective upon approval by a vote of the electors. It is anticipated that the quorum court will, pursuant to A.C.A. §14-14-905(f), pass a resolution at their regular meeting on September 9, 1996, to refer the ordinance to the voters at the regular election on November 5, 1996.
In light of that scenario, you have presented the following question:
 Within what time frame before the November 5, 1996 regular election must the Boone County Quorum Court resolve to refer an ordinance to the electors?
It is my opinion that the quorum court must resolve to refer the ordinance to the electors no later than eight weeks prior to the November 5, 1996 election.
A.C.A. § 14-14-905(f)(1) authorizes quorum courts to refer measures to the electors by way of resolution, as it is anticipated that the Boone County Quorum Court will do. That statute also provides that the procedure for referring a measure in this manner is to be governed by Amendment 7 to the Arkansas Constitution. A.C.A. § 14-14-905(f)(2).
Amendment 7 does not address the question of the time requirements for referring ordinances to the people by resolution. The amendment does, however, state: "In submitting measures to the people, the Secretary of State and all other officials shall be guided by the general election laws or municipal laws, as the case may be, until additional legislation is provided therefore." The "additional legislation" that has been enacted to implement the procedures for initiatives and referenda under Amendment 7 is codified at A.C.A. § 7-9-101 et seq. Although these laws do not directly address the question that you have raised, they do resolve it by setting forth a publication of notice requirement. The time frame for that requirement determines the time frame within which the quorum court must act in this matter. The publication of notice requirement is set forth in A.C.A. § 7-9-113(b), which states:
 (b)(1) Before the election at which any proposed or referred measure is to be voted upon by the people, notice shall be published in four (4) weekly issues of some newspaper in each county as is provided by law.
 (2) Publication of notice for amendments proposed by the General Assembly shall commence six (6) months, and on all other measures eight (8) weeks before the election.
A.C.A. § 7-9-113(b).
On the basis of these provisions, I conclude that the Boone County Quorum Court must resolve to refer its proposed measure to the electors of Boone County no later than eight weeks prior to the November 5, 1996 election, so that it can publish notice of the referred measure eight weeks prior to the election. Exactly eight weeks prior to the November 5, 1996 election is September 10, 1996. Therefore, if the quorum court passes its resolution at its regular meeting on September 9, 1996, it will have acted within the required time frame. Publication of notice of the referred measure must begin the following day, September 10, 1996.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh